(818 P.2d 797)
No. 66,009 ■

KANSAS SUNSET ASSOCIATES, *Appellant*, v. KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT and STANLEY C. GRANT, SECRETARY OF THE KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT, *Appellees*.

Opinion filed May 10, 1991.

*Susan R. Schrag*, of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, for the appellant.

*Yvonne C. Anderson*, of Kansas Department of Health and Environment, for the appellees.

Before GERNON, P.J., LARSON and PIERRON, JJ.

PIERRON, J.: Kansas Sunset Associates (Sunset), plaintiff-appellant, appeals from an order dismissing its case against Kansas Department of Health and Environment (KDHE), defendant-appellee, for failing to comply with the Act for Judicial Review and

Civil Enforcement of Agency Actions (KJRA). K.S.A. 77-601 *et seq.*

On April 17, 1987, KDHE issued a wastewater disposal permit to Sunset. Sunset operates a mobile home park in Sedgwick County. The permit allowed Sunset to construct a lagoon to handle sewage from the park.

The permit contained the following clause: "This facility shall be considered a temporary treatment system. The permittee shall transport all wastewater to a more permanent facility when interceptors become available."

On February 14, 1990, KDHE informed Sunset that sewer interception and collection facilities were being developed in the area of the mobile home park. KDHE told Sunset it intended to enforce the above provision of the permit and revoke the permit and require Sunset to connect to the sewer system.

Sunset filed suit on May 24, 1990, seeking declaratory relief. It argued KDHE's proposed actions were outside the authority of K.S.A. 1990 Supp. 65-165, which governs permits for discharge of sewage. KDHE filed a motion to dismiss, arguing the action was covered by the Kansas Administrative Procedure Act (APA), K.S.A. 77-501 *et seq.*, and that Sunset should have sought relief in accordance with the KJRA.

On November 21, 1990, the district court granted the motion to dismiss. Sunset timely appealed.

Sunset argues it was not required to follow K.S.A. 77-601 *et seq.* because no agency action was involved. It argues it sought only to define the scope of KDHE's statutory authority to revoke its permit.

K.S.A. 77-602(b) defines agency action as "(1) [t]he whole or a part of a rule and regulation or an order; (2) the failure to issue a rule and regulation or an order; or (3) an agency's performance of, or failure to perform, any other duty, function or activity, discretionary or otherwise."

K.S.A. 77-603 states in part:

"(a) This act applies to all agencies and all proceedings for judicial review and civil enforcement of agency actions not specifically exempted by statute from the provisions of this act.

"(b) This act creates only procedural rights and imposes only procedural duties. They are in addition to those created and imposed by other statutes."

Under K.S.A. 77-613, a petition for review must be filed within 30 days after the agency action. Interlocutory relief is available. K.S.A. 77-608.

K.S.A. 77-622(b) states:

"The court may grant other appropriate relief, whether mandatory, *injunctive or declaratory*; preliminary or final; temporary or permanent; equitable or legal. In granting relief, the court may order agency action required by law, order agency exercise of discretion required by law, set aside or modify agency action, enjoin or stay the effectiveness of agency action, remand the matter for further proceedings, render a declaratory judgment or take any other action that is authorized and appropriate." (Emphasis added.)

The KJRA is the exclusive means of judicial review of agency actions unless the agency is specifically exempted from application of the Act. K.S.A. 77-606. KDHE has not been specifically exempted.

Both the issuance of the permit and the letter stating the intent to revoke the permit were agency actions under 77-602(b)(3). Sunset failed to file a petition for review in time and, therefore, waived its right to judicial review. The trial court was correct in dismissing the case for lack of jurisdiction.

Sunset further argues the KJRA should not be construed to deprive it of its substantive rights arising under the Declaratory Judgments Act, K.S.A. 60-1701 *et seq.* Sunset bases this argument on K.S.A. 77-603(b), which states: "This act creates only procedural rights and imposes only procedural duties. They are in addition to those created and imposed by other statutes."

It is correct that the KJRA does not deprive a party of the right to declaratory relief. K.S.A. 77-622. However, in order to obtain this relief, the procedural requirements set forth in the KJRA must be followed. A petition for review must be filed within 30 days after an agency action. K.S.A. 77-613. Sunset did not lose its right to a declaratory judgment because of the KJRA supplanting K.S.A. 60-1701 *et seq.*; it lost its right to a declaratory judgment because of its failure to follow the procedural rules set forth in the KJRA.

KDHE argues that the only appropriate time to appeal by the plaintiff was immediately after the issuance of the permit in 1987. It is not clear from the trial court's memorandum decision

whether the fatal failure to follow the KJRA occurred in 1987 or 1990.

KDHE's position is probably correct. The rights and obligations under the permit were declared in 1987. If the plaintiff objected to the hook-up provision, it needed to appeal then. We do not agree that the question was not ripe at that time. The requirement to hook up to the interceptors when they became available was unequivocal and a condition of the permit being granted. Plaintiff cannot accept the permit and wait to appeal portions of it at a later time.

In any event, whether the plaintiff failed to follow the KJRA in 1987, 1990, or both is academic as it obviously failed to do so at any point where it could effectively challenge the ruling.

The KJRA clearly states it is the exclusive mechanism for review of agency actions. Declaratory relief is available to those who comply with the KJRA. The trial court was correct in dismissing the action.

Affirmed.