(915 P.2d 782)

No. 73,591

JAMES P. DOUGLASS, *Appellant*, v. KANSAS STATE UNIVERSITY, *Appellee*.

Opinion filed January 19, 1996.

*Brent C. Moerer*, of Anderson Law Offices, of Topeka, for appellant.

*Richard H. Seaton*, of Manhattan, for appellee.

Before BRAZIL, C.J., KNUDSON, J., and RON ROGG, District Judge, assigned.

ROGG J.: James P. Douglass appeals from the decision of the district court dismissing his breach of contract action against Kansas State University (KSU) for failure to state a claim upon which relief may be granted. Douglass contends the district court erred in finding that his exclusive remedy was under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*

Douglass was employed by the College of Veterinary Medicine at KSU as an assistant professor of surgery and medicine from May 27, 1984, until June 16, 1991. During that time, Douglass' employment agreement was controlled by a series of 1-year contracts, the last of which was signed on June 29, 1990. In October 1989, Douglass submitted his tenure application. On February 20, 1990, Douglass was notified that his tenure application had been denied and that his terminal date of employment would be June 16, 1991.

Douglass sought administrative review of his tenure denial through the University Provost, Dr. James Coffman, but such review was denied on September 5, 1990. Douglass then requested a second administrative review, which was denied on September 21, 1990. On February 7, 1991, Douglass initiated grievance procedures with the General Faculty Grievance Board, claiming that KSU did not properly consider him for tenure. This grievance was denied, after a hearing, on May 15, 1991. On June 6, 1991, Jon Wefald, KSU President, received and accepted the recommendations of the grievance panel that no action be taken on behalf of Douglass.

On June 16, 1994, Douglass filed suit against KSU, alleging breach of contract. Douglass' petition asked for relief only in the form of a declaratory judgment and a mandatory injunction compelling KSU to appoint him as a tenured professor.

KSU filed a motion to dismiss under K.S.A. 60-212(b)(6) for failure to state a claim upon which relief can be granted, which was granted by the district court. The district court found that Douglass' "exclusive remedy was under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 to 627, and the time for exercising such remedy has long since expired."

The parties agree that the standard of this court's review is set out in *Knight v. Neodesha Police Dept.*, 5 Kan. App. 2d 472, 475, 620 P.2d 837 (1980): " 'The question for determination is whether in the light most favorable to plaintiff, and with every doubt resolved in plaintiff's favor, the petition states any valid claim for relief. Dismissal is justified only when the allegations of the petition clearly demonstrate plaintiff does not have a claim' " (quoting *Weil & Associates v. Urban Renewal Agency*, 206 Kan. 405, 413, 479 P.2d 875 [1971]).

Douglass argues that his petition presented a claim for breach of contract and that his action was well within the 5-year statute of limitations for that action. See K.S.A. 60-511(1).

KSU counters that the KJRA, which has a 30-day statute of limitations, provides Douglass' exclusive remedy but bars his action due to delay.

*Lindenman v. Umscheid*, 255 Kan. 610, 875 P.2d 964 (1994); *Fowles v. Kansas State Lottery*, 254 Kan. 557, 867 P.2d 357 (1994); and *Kansas Sunset Assocs. v. Kansas Dept. of Health & Environment*, 16 Kan. App. 2d 1, 818 P.2d 797 (1991), are the three cases which lead to the rationale for deciding this case.

In *Fowles*, the Kansas Supreme Court ruled that plaintiff's "sole action against the Lottery here is based on judicial review of an agency action under the [KJRA,] K.S.A. 77-601 *et seq.*; he may not maintain a separate action for breach of contract." 254 Kan. at 565. Like the present case, the claim was pled as a breach of contract. The agency was empowered to grant Fowles all of the relief requested. This was also the case here. The agency action in both cases was reviewable under the KJRA.

*Lindenman* is distinguishable. In *Lindenman*, the action was pled in tort, and the agency had no power to grant the relief requested. It, therefore, was a separate action maintainable outside the exclusive provisions of the KJRA. See 255 Kan. at 616-20.

*Sunset*, like *Fowles*, is a case where the requested relief was relief which could be granted in reviewing the complained-of agency action. The KJRA was found to offer the exclusive remedy for the plaintiff. See 16 Kan. App. 2d at 4.

The declaratory and equitable relief asked for by Douglass is exactly the type of relief envisioned by the KJRA. See K.S.A. 77-622. Under K.S.A 77-610, *Lindenman,* and *Fowles,* the ruling of the district court is proper. The KJRA is the exclusive remedy for all requested relief which an agency can grant under its authority. Only actionable claims which fall outside the authority of an agency to grant can support a separate action by an aggrieved party.

Affirmed.