No. 81,319

STEVEN C. HEILAND, *Appellant*, v. FRANKIE DUNNICK, Personally, and NEWTON MALE, STATE BANK COMMISSIONER, *Appellees*.

(19 P.3d 103)

Opinion filed March 9, 2001.

*Jeffrey A. Wietharn*, of Coffman, DeFries & Nothern, P.A., of Topeka, argued the cause and was on the briefs for appellant.

*Christopher F. Burger*, assistant attorney general, argued the cause, and *Carla J. Stovall*, attorney general, was with him on the briefs for appellees.

The opinion of the court was delivered by

DAVIS, J.: This case comes before us on petition for review of an unpublished Court of Appeals' decision in *Heiland v. Dunnick*, No. 81,319, filed February 4, 2000. The Court of Appeals affirmed

the trial court's dismissal because Heiland did not timely file a petition for review under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.* We conclude that the KJRA is the exclusive remedy in this case but further conclude that the time for filing a petition for review under the KJRA had not begun to run by reason of the agency's failure to provide the notice required under K.S.A. 77-613(e), in accordance with our decision in *Reifschneider v. Kansas State Lottery*, 266 Kan. 338, 969 P.2d 875 (1998). We therefore affirm in part and reverse in part the Court of Appeals' decision affirming the trial court. We affirm in part and reverse in part the trial court's decision.

## FACTS

Steven C. Heiland was employed by the Kansas Savings and Loan Department (KSLD) as a financial examiner and auditor from 1987 to February 17, 1991. He had attained the civil service rating of Examiner IV when he was permanently laid off due to a reduction in force. Over the next 2 years, the number of state savings and loans dwindled until there were insufficient funds to support the KSLD, a fee based agency. Senate Bill 58, effective June 18, 1993, abolished the KSLD and transferred its powers, duties, and functions to the Office of the State Bank Commissioner (SBC). See L. 1993, ch. 16, §§ 1-9; K.S.A. 75-1309 *et seq.*

Before the trial court, the Kansas Court of Appeals, and now this court, Heiland maintains that between his layoff on February 17, 1991, and the expiration of a 3-year period on February 17, 1994, he was entitled to the rights of preferential rehire and placement on the reemployment list as set forth by the provisions of K.S.A. 75-2948 and Kansas Administrative Regulations (K.A.R.) 1-6-23(d) (1989), in effect from the time Heiland was laid off until December 1993, and K.A.R. 1-6-23(f) (1994), in effect thereafter. These regulations provided that Heiland, by virtue of his layoff, was eligible to be placed on a reemployment list which afforded Heiland two benefits: (1) Whenever the agency which laid him off sought to fill a permanent position in his class, the agency would be required to rehire from the list. K.A.R. 1-6-23(d)(1) (1989);

K.A.R. 1-6-23(f) (1) (1994); and (2) whenever another agency, after 1993, using the same classification, had a vacancy which it was unable to fill by an intra-agency demotion, transfer, or promotion, that agency would have been required to hire from the list before going outside. See K.A.R. 1-6-23(f) (2) and (3).

Heiland asked to be placed on the reemployment lists for consideration of the following positions: Financial Examiner II, III, and IV. Heiland contends that because the KSLD was abolished and its powers, duties, and functions transferred to the SBC, the SBC owed him the same rights as did the KSLD. He argues that those rights were not afforded him because he was not rehired, nor was he notified of opportunities for reemployment as an examiner by the SBC.

On February 14, 1994, Heiland wrote the Department of Administration's Division of Personnel Services stating that he had not been certified or given the opportunity to interview for any positions during the past 3 years and demanding an explanation. On March 1, 1994, the Division of Personnel Services responded to the letter informing Heiland that his name had been placed on the reemployment lists for Financial Examiner II, III, and IV, but that none of the agencies using the Financial Examiner class had hired Financial Examiner II's, III's or IV's outside the agency which would have necessitated the use of the reemployment lists. The Division of Personnel Services further informed Heiland that because S.B. 58 did not provide for the transfer of officers and employees from the KSLD to the SBC, the SBC was not obligated to consider Heiland for positions which were filled internally.

On August 4, 1994, Heiland wrote a letter to Art Griggs, Chief Attorney of the Kansas Department of Administration, claiming that the State Banking Department had manipulated hiring practices and failed to properly administer the reemployment regulation. In his letter, Heiland demanded $5,089 in lost wages and accrued interest, $10,000 in expenses, an increase of five steps to his current compensation, and that his anniversary date remain unchanged. Heiland's demands were rejected by the Department of Administration's legal counsel in a letter dated August 17, 1994.

On October 28, 1994, Heiland presented a miscellaneous claim in the amount of $36,000 plus an increase in current compensation, to the Kansas Legislature's Joint Committee on Special Claims Against the State. Heiland stated that he had no statutory right to present his claim to the State Civil Service Board and had exhausted all other alternatives short of filing a lawsuit. On December 16, 1994, the Joint Committee on Special Claims Against the State denied his claim in a letter signed by Senator Tim Emert, Chairman of the Joint Committee. Heiland requested the reasons for denial and on January 5, 1995, Heiland was informed by letter that the Joint Committee, by its rules, did not give reasons for the denial of claims, but that Heiland could request a copy of the minutes of the Joint Committee. Heiland requested the minutes by letter on January 7, 1995, stating: "The Committee's decision leaves me no choice but to pursue the maximum relief for which I may be entitled by judicial means."

On February 6, 1995, Heiland filed a declaratory judgment action against Frankie Dunnick, both personally and in his capacity as Kansas Bank Commissioner. Heiland alleged that from June 18, 1993 to February 17, 1994, the SBC failed to accord him preferred rehiring status as required by law. Heiland later amended the petition to add a claim that the SBC had failed to consider the reemployment list of former KSLD employees before considering the reallocation of positions within the SBC in violation of the law. This claim was based on the SBC's admitted practice of filling vacant high-level positions which could not be filled in-house by temporarily reallocating the position to a Financial Examiner I position and hiring from outside the agency, thereby avoiding the rehire list. Heiland again amended his petition to substitute the new commissioner, Newton Male, for Frankie Dunnick in his official capacity.

On March 1, 1996, the SBC filed a motion for summary judgment. On July 15, 1996, the trial court granted partial summary judgment in favor of the SBC, finding that Heiland was not entitled to automatic reemployment rights with the SBC. However, the trial court refused to grant summary judgment on the issue of the use of the reemployment lists, finding that Heiland might be entitled

to relief if he could show that the SBC failed to properly use the lists.

Heiland's counsel formally withdrew from the case on November 26, 1996, and no further action was taken before his counsel reentered the case on January 5, 1998. On March 25, 1998, the SBC filed a motion to dismiss pursuant to K.S.A. 60-212(b)(1), alleging that Heiland had failed to timely file his petition for review under the KJRA, thereby depriving the trial court of jurisdiction to hear the case.

The trial court granted the motion to dismiss, concluding that Heiland's exclusive remedy for the alleged failure to comply with the rules regarding reemployment was through the KJRA. The trial court found that Heiland was required under the KJRA to bring suit within 30 days of December 16, 1994, the date on which the Joint Committee rejected his claim. The trial court concluded that Heiland's failure to bring suit within 30 days deprived the court of jurisdiction to hear the case.

Heiland filed a motion for relief from judgment and the trial court clarified its order. The trial court stated that Heiland's letters before the Department of Administration and the Joint Committee demonstrated that he knew of the SBC's actions, and further served to toll the time for filing until 30 days after the claim was denied by the Joint Committee. However, the trial court denied Heiland's motion and affirmed the dismissal of his action based upon Heiland's failure to bring suit within 30 days of final agency action as required by the KJRA.

Heiland appealed the dismissal and the grant of partial summary judgment to the Court of Appeals. The SBC cross-appealed from the failure of the trial court to grant summary judgment for the second part of its motion. In its unpublished *per curiam* opinion, the Court of Appeals affirmed the trial court's dismissal stating: "We have considered all of Heiland's arguments for tolling the time he could appeal the decision of the Joint Committee and find that the district court did not err in granting the motion to dismiss." The Court of Appeals concluded that Heiland had failed to file a petition for review 30 days from the decision of the Joint Committee, as required by K.S.A. 77-613(d), and found that its decision

rendered all other issues raised moot. Heiland then filed his petition for review; this court granted review. No cross-petition for review was filed.

### Application of the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions

The KJRA applies to all agencies and all proceedings for judicial review and civil enforcement of *agency actions* not specifically exempted by statute. K.S.A. 77-603(a). It establishes the exclusive means of judicial review of agency action. K.S.A. 77-606; *Lindenman v. Umscheid*, 255 Kan. 610, 619, 875 P.2d 964 (1994). "The KJRA is the exclusive remedy for all requested relief which an agency can grant under its authority. Only actionable claims which fall outside the authority of an agency to grant can support a separate action by an aggrieved party." *Douglass v. Kansas State University*, 22 Kan. App. 2d 171, 174, 915 P.2d 782 (1996). See *Reifschneider*, 266 Kan. at 341 (quoting this phrase from *Douglass* in finding that the KJRA was sole means of judicial review of acts of the Kansas Lottery).

Heiland argues that his action falls outside the purview of the KJRA, relying upon our decision in *Lindenman*, 255 Kan. 610. In *Lindenman*, the plaintiffs prevailed at the administrative level, forcing the Kansas Department of Health and Environment (KDHE) to lift its suspension of the license on one of their day care centers. The plaintiffs then filed a tort action against the KDHE alleging a violation of their civil rights, malicious prosecution, and abuse of process, which were allegations that the KDHE could not administratively address. We held that because the claims were tort claims for wrongful acts, they did not fall under the KJRA. 255 Kan. at 619-20.

Heiland also relies on *Wright v. Kansas Water Office*, 255 Kan. 990, 881 P.2d 567 (1994), for authority that his claims fall outside the purview of the KJRA. In *Wright*, we agreed with the trial court's holding that the plaintiff was not required to exhaust administrative remedies or otherwise comply with the KJRA because Wright's argument for wrongful termination was based on the constitutionality of legislation which ordered him to be terminated, an

issue which the Kansas Water Office, the administrative agency involved, was not empowered to address. 255 Kan. at 992-93.

Unlike the tort and constitutional claims in *Lindenman* and *Wright*, Heiland's claims involve the SBC's failure to perform a statutory and regulatory duty benefitting state employees in Heiland's position. The SBC is a "state agency," as defined in K.S.A. 77-602(k):

"[A]ny officer, department, bureau, division, board, authority, agency, commission or institution of this state which is authorized by law to administer, enforce or interpret any law of this state but does not include any political or taxing subdivision of the state, or any agency thereof, or the judicial or legislative branch of state government."

Heiland's claim that the SBC's failed to afford him automatic reemployment rights or properly use the reemployment lists involved an "agency action" as defined by K.S.A. 77-602(b):

"(1) The whole or a part of a rule and regulation or an order;

"(2) the failure to issue a rule and regulation or an order; or

"(3) an agency's performance of, *or failure to perform, any other duty, function or activity, discretionary or otherwise.*" (Emphasis added.)

Finally, Heiland's request for relief is one within a state agency's authority to grant. Both the SBC, as the agency involved, and the Department of Administration, as the agency charged by statute to perform all powers and duties prescribed by law with respect to civil service and personnel administration, could have addressed Heiland's complaint and provided him with the remedies he sought. See K.S.A. 75-3747.

We agree with the trial court and the Court of Appeals that the KJRA applies to Heiland's claims. The claims are based on an agency action of a state agency and the relief requested is one that the agency can grant under its authority. Heiland's sole remedy for the SBC's alleged failure to afford him automatic reemployment rights and properly use the reemployment lists is through the KJRA.

## Timeliness of Heiland's Actions Under the KJRA

Having concluded that the KJRA is the exclusive remedy in this case, it becomes necessary to determine what would have been the

triggering event for the 30 days allotted for filing a petition for review under the KJRA. The trial court and the Court of Appeals determined that the denial by the Kansas Legislature's Joint Committee on Special Claims Against the State was the triggering event. Although the Joint Committee had the power to address Heiland's claims, this legislative committee is not an administrative agency under the KJRA. See K.S.A. 77-602(k) (excluding the legislative branch of the government from the definition of "state agency"). Thus, the denial of his claim by the Joint Committee was not the triggering event. Moreover, the submission of the claim to the Joint Committee would not toll the time for filing a petition for review under the provisions of K.S.A. 77-612, which requires exhaustion of remedies available within the agency whose action is being challenged or the reviewing agency but does not provide for review by the legislative branch.

Heiland made no attempt to contact anyone at the SBC with regard to his claims. However, the SBC does not claim that Heiland failed to exhaust his administrative remedies with regard to it. Heiland did contact the Department of Administration's Division of Personnel Services. The Director of Personnel Services is charged by statute, K.S.A. 75-3746, with the responsibility to make investigations concerning all matters touching the enforcement and effect of the provision of the Kansas Civil Service Act, K.S.A. 75-2925 *et seq.*, and rules and regulations adopted thereunder and to enforce the Act.

Heiland's demand to the Department of Administration was not only an attempt to exhaust his administrative remedies, but also it was a claim to an appropriate agency having the authority and power to redress his claims. The Department of Administration was a proper agency to which Heiland should have gone to obtain an administrative remedy. The denial of his claim by letter dated August 17, 1994, constituted a "final agency action," as defined by K.S.A. 77-607(b)(1) and (2). Three days for service by mail of the letter should have been added pursuant to K.S.A. 77-613(e). Thus, Heiland's petition for review would have had to have been filed within 30 days of August 20, 1994, to be timely. This conclusion, however, assumes full compliance with the provisions of K.S.A. 77-

613(e). According to this court's decision in *Reifschneider*, compliance with K.S.A. 77-613(e) requires that the agency: (1) serve the order not only on counsel but also on the parties themselves as mandated by K.S.A. 77-613(e) and (2) state *the agency officer who is to receive service of a petition for judicial review on behalf of the agency.* 266 Kan. at 342. The denial letter by the Department of Administration did not comply with K.S.A. 77-613(e).

In *Reifschneider*, the plaintiffs had purchased a winning lottery ticket. Because two winning tickets had been sold for that particular drawing, the plaintiffs were awarded one-half of the jackpot. Anticipating that the second ticket might not be presented, the plaintiffs filed a claim for the other half of the prize. The Executive Director of the Kansas Lottery notified the plaintiffs' attorney by letter that their claim was denied. We held that the director's notification was a final agency order under the KJRA, and it was thus incumbent on the director to: (1) serve the order not only on counsel but also on the parties themselves, as mandated by K.S.A. 77-613(e) and (2) state in the letter the agency officer to receive service of a petition for judicial review on behalf of the agency also mandated by K.S.A. 77-613(e). 266 Kan. at 342. We stated that the purpose of the requirement in K.S.A. 77-613(e) mandating that the final order state the agency officer to receive service of a petition for judicial review was so "that appellate rights may be preserved." 266 Kan. at 342.

The SBC argues that its action was not an agency "order" but rather an "action" which does not require compliance with the provisions of K.S.A. 77-613(e) regarding service of orders. According to the SBC's argument, the triggering event for the running of the 30-day period was the inaction of the SBC in failing to rehire Heiland which occurred between February 17, 1991 and February 17, 1994. See K.S.A. 77-613(d). The SBC argues that its action concluded on February 17, 1994, and the 30 days began running from that point and would have continued running unless extended by one of the reasons contained in K.S.A. 77-613(d)(1) or (2).

The SBC contends that it is unrealistic to require it to send notice to every person who might possibly be affected by its hiring decisions. We agree. The KJRA clearly makes a distinction between

an order which is subject to judicial review within 30 days of its service and an agency action which is subject to judicial review within 30 days of its date except where it is not discovered or an attempt to exhaust administrative remedies is involved. See K.S.A. 77-613(b) and (d). However, once Heiland attempted to pursue an administrative remedy, the decision of the administrative agency denying his claim became an order. See K.S.A. 77-602(e) (defining an order as "an agency action of particular applicability that determines the legal rights, duties, privileges, immunities or other legal interests of one or more specific persons"). Thus, because the Department of Administration was the proper agency before whom Heiland brought his claim in order to exhaust his administrative remedies, it was incumbent upon the Department of Administration in denying Heiland's claim to give him some idea of his next step by designating the agency person to receive his petition for judicial review.

This interpretation is consistent with the goal of the KJRA. The KJRA favors administrative rather than legal resolutions of problems. To this end, the KJRA mandates that administrative remedies be exhausted prior to the filing of a petition for judicial review. See K.S.A. 77-612. This presents a problem in actions involving agencies whose administrative remedies are not well defined. The Kansas Administrative Procedure Act (KAPA), K.S.A. 77-501 *et seq.*, sets up a framework for administrative review. However, by its own terms, the KAPA applies only to the extent that other statutes expressly provide that its provisions govern proceedings under those statutes. K.S.A. 77-503. Thus, the KAPA is not applicable in the situation before the court.

We acknowledge that there is a difference between this case and *Reifschneider* in that Heiland sought an administrative remedy not from the agency which took the action but from the Department of Administration. However, because the Department of Administration is charged with overseeing employment issues relating to the Civil Service Act, it was an agency with power to remedy his situation and, therefore, in the absence of a defined procedure for administrative action, it was proper for him to seek a remedy from that agency.

We conclude that Heiland properly sought an administrative remedy from the Department of Administration. In accordance with our decision in *Reifschneider*, the Department of Administration failed to notify Heiland of the officer to receive service of a petition for judicial review in its denial letter of his claims, as required by K.S.A. 77-613(e). As a result, his time to file his petition for review under the provisions of the KJRA did not begin to run.

In light of our decision, we need not address other arguments advanced by Heiland regarding the tolling of the time to file a petition under the KJRA. We therefore reverse that part of the Court of Appeals' decision affirming the district court's dismissal and reverse the district court's dismissal of Heiland's claims based upon his failure to timely file a petition for review under the KJRA.

The decision of the Court of Appeals affirming the district court is affirmed in part and reversed in part. The decision of the district court is affirmed in part and reversed in part.