(70 P.3d 693)
No. 89,007

FRANK GASKILL, *Appellant*, v. FORT HAYS STATE UNIVERSITY, *Appellee*.

Opinion filed April 4, 2003.

*Gene F. Anderson*, of Anderson & Wichman, of Hays, for appellant.

*Wm. Scott Hesse*, assistant attorney general, for appellee.

Before ELLIOTT, P.J., LEWIS, J., and STEPHEN D. HILL, District Judge, assigned.

HILL, J.: Frank Gaskill appeals the dismissal of his breach of contract action filed against Fort Hays State University (FHSU) when it refused to renew his teaching contract. Gaskill claims FHSU is not a "state agency," thus making the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*, inapplicable in his case. We affirm the district court.

The parties agree about the facts. Gaskill was hired in July 2000 as an associate professor to teach in the FHSU Department of Business Administration for the 2000-01 school year. In May 2001, FHSU notified Gaskill that his teaching contract for the following year would not be renewed. Gaskill received a letter dated June 11, 2001, from the dean of the FHSU College of Business and Leadership recommending that Gaskill's contract not be renewed. The letter included FHSU's faculty hearing and appeal procedures.

On July 31, 2001, the FHSU provost concurred in the recommendation to not renew Gaskill's contract. The FHSU president denied Gaskill's appeal on September 14, 2001. FHSU's grievance procedures provided that following an appeal to the provost and the president, an aggrieved faculty member should contact the chairperson or any member of the University Affairs Committee to initiate formal grievance proceedings.

On January 14, 2002, Gaskill filed a Chapter 60 action in the Ellis County District Court alleging FHSU breached its own policies by not giving him proper notification of the intent to nonrenew his contract. The district court granted FHSU's motion to dismiss, finding Gaskill's exclusive remedy was under the KJRA. In applying the KJRA, the district court also found that Gaskill either failed to timely appeal his nonrenewal or failed to exhaust his administrative remedies. Gaskill appeals.

Gaskill argues the district court erred in finding that FHSU was a state agency and, therefore, subject to the KJRA. Gaskill acknowledges the case authority relied upon by FHSU and the district court but contends FHSU does not fall within the definition of "state agency" because FHSU is not "authorized by law to administer, enforce or interpret any law of this state." See K.S.A. 77-602(k). Gaskill argues the function of FHSU is to teach. It does not have the power to promulgate rules and regulations with statewide application. FHSU has no hearing officers to resolve disputes arising under statutory law, and it does not regulate business and industry. He believes that FHSU's grievance procedure is inadequate and nothing more than a process where the teacher's supervisors sit in judgment of their own decisions.

Interpreting the applicability of the KJRA is a question of law, and our review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

The KJRA applies to "all agencies and all proceedings for judicial review and civil enforcement of agency actions not specifically exempted by statute from the provisions of this act." K.S.A. 77-603(a). FHSU is listed as a "State educational institution" in K.S.A. 76-711(a). K.S.A. 77-602(k) defines "State agency" as

"any officer, department, bureau, division, board, authority, agency, commission or *institution* of this state which is authorized by law to administer, enforce or interpret any law of this state but does not include any political or taxing subdivision of the state, or any agency thereof, or the judicial or legislative branch of state government." (Emphasis added.)

Without questioning the issue of jurisdiction, Kansas cases have held that the KJRA is the exclusive remedy for professors claiming either wrongful termination or breach of contract against the state educational institutions listed in K.S.A. 76-711(a). See *Schall v. Wichita State University*, 269 Kan. 456, 482-83, 7 P.3d 1144 (2000) (teacher's breach of contract claim dismissed for failure to timely appeal final order under KJRA); *Wiest v. Kansas Board of Regents*, 30 Kan. App. 2d 301, 304-08, 40 P.3d 988 (2002) (tenured faculty member terminated; court focused on what was "final order" to start timing requirements for appeal under KJRA); *Douglass v. Kansas State University*, 22 Kan. App. 2d 171, 174, 915 P.2d 782, *rev. denied* 259 Kan. 927 (1996) (teacher terminated from Kansas State University could not bring separate breach of contract claim where sole remedy lay in KJRA).

By applying the KJRA to the state educational institutions, the courts in *Schall, Douglass*, and *Wiest* imply they found the state educational institutions were state agencies. We are not certain why those courts failed to expressly state a finding of jurisdiction under the KJRA, other than perhaps there was no need to state the obvious. We recognize the jurisdiction of the KJRA might not have been raised by the parties in those cases, but the appellate court still had the duty to question jurisdiction on its own initiative, and it was not challenged. See *Pittsburg State University v. Kansas Bd. of Regents*, 30 Kan. App. 2d 37, 44, 36 P.3d 853 (2001), *rev. denied* 273 Kan. 1036 (2002).

Furthermore, one need not look far beyond the definition of "state educational institution" in K.S.A. 76-711 to find the legislature's intent that these institutions are state agencies. K.S.A. 76-712 provides: "Except as otherwise provided by act of the legislature, *the state educational institutions are separate state agencies* and state institutions and shall be controlled by and operated and managed under the supervision of the board of regents." (Empha-

sis added.) It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 378, 22 P.3d 124 (2001).

FHSU, along with the other state educational institutions, are state agencies as contemplated by K.S.A. 76-711(a), K.S.A. 76-712, and K.S.A. 77-602(k). The KJRA establishes the exclusive means of judicial review of agency actions. The KJRA was Gaskill's only remedy for his breach of contract claim. Consequently, the district court correctly decided it lacked jurisdiction to consider Gaskill's petition.

Affirmed.