No. 91,389

ANGELA M. JONES, *Appellant,* v. STATE OF KANSAS, *Appellee,* and
EMPIRE INSURANCE COMPANY, d/b/a/ EMPIRE INDEMNITY
COMPANY, *Defendant.*

109 P.3d 1166

Opinion filed April 22, 2005.

*Carl A. Gallagher,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City,
argued the cause and was on the briefs for appellant.

*Danny J. Baumgartner*, litigation attorney, of Kansas Department of Social and Rehabilitation Services, argued the cause, and *C. William Ossmann*, chief litigation attorney, of Kansas Department of Social and Rehabilitation Services, was with him on the briefs for appellee.

The opinion of the court was delivered by

BEIER, J.: This appeal concerns exhaustion of remedies under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*

Plaintiff-appellant Angela Jones brought this declaratory judgment action against the Kansas Department of Social and Rehabilitation Services (SRS), the State of Kansas, and Empire Insurance Company, d/b/a Empire Indemnity Company (Empire) without first attempting to exhaust her administrative remedies. The district court dismissed her claim against the State, and the Court of Appeals affirmed. We granted plaintiff's petition for review. SRS and Empire are not parties to this appeal.

Plaintiff was sexually assaulted by the son of her foster parents, Wes and Linda Kress, in August 1996. State law permits SRS to provide liability insurance for foster parents, see K.S.A. 75-5328a, and plaintiff alleges the Kresses had provided care for plaintiff in reliance upon SRS's agreement to obtain such insurance.

The assault prompted plaintiff to sue the Kresses. During the pendency of that lawsuit, the Kresses and plaintiff learned for the first time that SRS had failed to name the Kresses as insureds on an Empire liability policy. Plaintiff took judgment against the Kresses in the amount of $100,000. The Kresses assigned to plaintiff any breach of oral contract action they would have for the failure to provide insurance coverage. The record on appeal contains no date for the filing of the lawsuit against the Kresses, no date for the entry of plaintiff's judgment against them, and no date for the Kresses' assignment to plaintiff.

Plaintiff filed no administrative claim of any type. Rather, she pursued this independent declaratory judgment action, filing her amended petition on December 19, 2001. She alleged breach of contract against SRS in the first count of her petition and bad faith against Empire in the second count. On the breach of contract claim, plaintiff sought a declaration of the existence and validity of

the contract to provide insurance to the Kresses; $100,000 in damages; and interest, costs, and fees. Only plaintiff's claim against the State is before us at this stage of the appeal.

The district court ruled on the State's motion to dismiss that plaintiff had not exhausted her administrative remedies as required by the KJRA. It therefore dismissed the claim against the State for lack of jurisdiction.

The Court of Appeals determined that the KJRA applies to all state agencies unless specifically exempted by statute. Because SRS is not exempt, it agreed with the district court that plaintiff, as the Kresses' assignee, had to exhaust her administrative remedies before seeking court review of her contract claim based on SRS's failure to obtain insurance for the Kresses. *Jones v. State*, No. 91,389, unpublished opinion filed July 30, 2004.

Before this court, plaintiff argues that the KJRA could not be her exclusive remedy because the State cannot provide the retroactive insurance coverage she seeks. She also argues that no responsibility to exhaust administrative remedies ever arose, because SRS's failure to obtain insurance for the Kresses was a mere oversight, not a deliberate administrative decision that amounted to a final agency action triggering KJRA provisions. She seeks reversal of the district court's decision so that her declaratory judgment action may proceed on its merits. In the alternative, if this court decides that the KJRA is applicable, she seeks a remand instructing SRS to provide her with an official notice of denial of insurance coverage so that she may challenge that denial administratively and then, if necessary, in court.

When a motion to dismiss has been granted in the district court, we are required to assume the facts alleged by the plaintiff are true, along with any inferences that can reasonably be drawn from them. We must then decide whether those facts and inferences state a claim on plaintiff's theory or any other possible theory. See *McCormick v. Board of Shawnee County Comm'rs*, 272 Kan. 627, 634, 35 P.3d 815 (2001). If so, the decision of the district court must be reversed.

Plaintiff cites *Heiland v. Dunnick*, 270 Kan. 663, 19 P.3d 103 (2001), to support her argument that the KJRA is not her exclusive

remedy. We observed in *Heiland* that "[o]nly actionable claims which fall outside the authority of an agency to grant can support a separate action by an aggrieved party," *Heiland*, 270 Kan. at 668 (quoting *Douglass v. Kansas State University*, 22 Kan. App. 2d 171, 174, 915 P.2d 782 [1996]), and that judicial review of certain agency actions can be permitted without exhaustion of administrative remedies. See 270 Kan. at 668-69; see also *Lindenman v. Umscheid*, 255 Kan. 610, 619-20, 875 P.2d 964 (1994) (tort claims for wrongful acts could not be addressed by agency); *Wright v. Kansas Water Office*, 255 Kan. 990, 992-93, 881 P.2d 567 (1994) (constitutional claim could not be addressed administratively).

These are correct statements of Kansas law, but they do nothing for plaintiff in this case. She is wrong when she characterizes the remedy she seeks as retroactive insurance coverage. The Kresses assigned or attempted to assign plaintiff a breach of contract claim, and the damages from that breach have been set at $100,000. Plaintiff does not seek insurance coverage. She seeks payment of the $100,000. The KJRA was her exclusive avenue into court for a breach of contract action against a state agency. See *Schall v. Wichita State University*, 269 Kan. 456, 482-83, 7 P.3d 1144 (2000) (KJRA applied to contract action brought by employee against agency employer); *Reifschneider v. Kansas State Lottery*, 266 Kan. 338, 340-41, 969 P.2d 875 (1998) (plaintiffs could not bring separate contract action against Kansas Lottery when sole remedy was through KJRA); *Gaskill v. Fort Hays State Univ.*, 31 Kan. App. 2d 544, 546, 70 P.3d 693 (2003) (KJRA was professor's exclusive remedy for contract action against state university); *Douglass*, 22 Kan. App. 2d at 173 (KJRA applied to contract action brought by university professor).

This holding mirrors the pertinent statutory language. K.S.A. 77-606 states: "[T]his act establishes the *exclusive means* of judicial review of agency action." (Emphasis added.) The definition of "agency action" in K.S.A. 77-602(b)(3) includes an agency's "performance of, or failure to perform, any other duty, function or activity, discretionary or otherwise." Assuming all of plaintiff's facts to be true, as we must, SRS failed to perform its contractual duty to provide insurance coverage to the Kresses. This qualified as an

"agency action" under the statutory definition, which draws no distinction between accidental and deliberate agency behavior.

We also agree with the Court of Appeals that SRS is not exempt from coverage of the KJRA. K.S.A. 77-603(a) states: "This act applies to all agencies and all proceedings for judicial review and civil enforcement of agency actions not specifically exempted by statute from the provisions of this act." K.S.A.77-603(c) sets forth specific exemptions, and SRS is not among them.

Having established that the KJRA applies to SRS's failure to provide insurance coverage for the Kresses, we now discuss the procedure the KJRA required plaintiff to follow.

K.S.A. 77-612 permits a person in plaintiff's position to "file a petition for judicial review under this act only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review." Thus plaintiff was required to exhaust any administrative remedies available to her before bringing her claim to court.

K.S.A. 77-613(d) sets forth what was available to the plaintiff in view of the "agency action" here:

"(d) A petition for judicial review of *agency action other than a rule and regulation or final order* shall be filed within 30 days after the agency action, but the time is extended:

"(1) During the pendency of the petitioner's timely attempts to exhaust administrative remedies; and

"(2) during any period that the petitioner did not know and was under no duty to discover, or did not know and was under a duty to discover but could not reasonably have discovered, that the agency had taken the action or that the agency action had a sufficient effect to confer standing upon the petitioner to obtain judicial review under this act." (Emphasis added.)

Plaintiff bears the burden of ensuring the record on appeal contains all information necessary to resolve this matter in her favor. See *Smith v. Printup*, 254 Kan. 315, 353-54, 866 P.2d 985 (1993). The record contains no date for exactly when SRS breached its express oral contract to provide insurance for the Kresses. We can assume, however, that it was supposed to have done so before the assault in August 1996. It is thus beyond obvious that 30 days have

since passed many times over. That 30-day time limit could have been extended as long as neither the Kresses nor plaintiff "did not know" and were "under no duty to discover" or "did not know and [were] under a duty to discover but could not reasonably have discovered" that SRS had failed to obtain insurance. K.S.A. 77-613(d). Under the most generous view of the facts and the inferences to be drawn from them, that period of time finally ended when the Kresses and the plaintiff discovered during the lawsuit between them that there was no Empire coverage. Again, the record does not disclose exactly when or how that discovery occurred or exactly when the Kresses assigned their contract claim to plaintiff. Without a record that demonstrates the Kresses and plaintiff first became aware of the potential challenge to SRS and accomplished the assignment within 30 days before the filing of this declaratory judgment action, K.S.A. 77-613(d)(2) cannot save plaintiff's claim. Further, because neither the Kresses nor the plaintiff attempted to exhaust administrative remedies in any way at any time, K.S.A. 77-613(d)(1) is inapplicable either on its own or in addition to K.S.A. 77-613(d)(2) to save the claim.

Finally, we make two points.

First, we note that K.S.A. 77-613(d)(1) and (2) are explicitly distinct from the KJRA provision governing the timing and progress of a petition for judicial review filed to challenge an agency's rule or regulation, see K.S.A. 77-613(a), and those governing the timing and progress of a petition to challenge an agency's final order. See K.S.A. 77-613(b), (c); *Heiland*, 270 Kan. at 671-73 (holding Department of Administration's rejection of plaintiff's demand for administrative remedy constituted final order rather than agency action; department's failure to name agency official to receive service of petition for judicial review violated K.S.A. 77-613(e), prevented 30-day time limit under K.S.A. 77-613(b) from beginning to run; plaintiff's petition for judicial review therefore timely). In addition, K.S.A. 77-613(d)(1) and (2) do not require that an "agency action" also be a "final agency action," as that phrase is defined in K.S.A. 77-607(b)(1). We have already determined that SRS's failure to obtain insurance for the Kresses qualified as an "agency action" under K.S.A. 77-602(b)(3). We need not reach the further issue of

whether it also qualified in these circumstances as a "final agency action" to be certain that K.S.A. 77-613(d) determined the procedure controlling the viability of plaintiff's claim. Plaintiff's repeated assertions that there was no "final" action or order in this case are therefore irrelevant.

Second, plaintiff also asserted in her petition for review and at oral argument before this court that K.S.A. 77-621(c) lists the only agency "items" that can be subject to judicial review. This assertion contradicts the plain language of that subsection of the KJRA, which merely sets forth the circumstances under which courts shall grant relief, *i.e.*, the potentially applicable standards of review. For example, a court may grant relief if "the agency has acted beyond the jurisdiction conferred by any provision of law" or if it has "erroneously interpreted or applied the law." K.S.A. 77-621(c)(2), (4). It also contradicts the plain language of K.S.A. 77-613, which provides for judicial review from a variety of agency decisions, including the promulgation of rules and regulations, the issuance of final orders, and other agency actions.

In view of the foregoing, plaintiff is entitled to neither the reversal nor the remand she seeks. She failed to exhaust all administrative remedies available to her for SRS's alleged breach of contract before filing this declaratory judgment action, and no provision of KJRA preserves her right to do so at this time.

The district court is affirmed; the Court of Appeals is affirmed.

GERNON, J., not participating.

STEPHEN R. TATUM, district judge, assigned.