(210 P.3d 670)
No. 100,746

10TH STREET MEDICAL, INC., *Appellant*, v. STATE OF KANSAS AND KANSAS SECRETARY OF SOCIAL AND REHABILITATION SERVICES, *Appellees*.

Opinion filed July 2, 2009.

J. *Todd Hiatt* and *Kevin L. Diehl,* of Ralston, Pope & Diehl, L.L.C., of Topeka, for appellant.

C. *William Ossmann,* chief of litigation, and *Danny J. Baumgartner,* litigation attorney, of Kansas Department of Social and Rehabilitation Services, for appellee.

Before HILL, P.J., LARSON, S.J., and BRAZIL, S.J.

HILL, J.: This appeal arises from the summary judgment granted in a lawsuit seeking damages from the State of Kansas and the Kansas Department of Social and Rehabilitation Services. In 2000, the Department ended a contract with 10th Street Medical, Inc., to provide durable medical equipment to Medicaid recipients under the Kansas Medicaid Program based on some complaints from its customers. 10th Street Medical pursued an administrative appeal of this termination and won, thus gaining the restoration of its contract. About 4 years later, 10th Street Medical filed this lawsuit. The district court granted summary judgment to the State and its agency, ruling some of 10th Street Medical's claims were unavailable as a matter of law and that by not pursuing the Kansas Act for Judicial Review of Civil Enforcement of Agency Actions, their breach of contract claim was time barred. We affirm. Because a claim for damages could have been made in district court under the Act and 10th Street Medical did not make such a claim, we hold summary judgment was proper.

*Since this matter was subject to summary judgment, the facts are uncontested.*

Calling it the Kansas Medicaid Program, the Kansas Department of Social and Rehabilitation Services administers the federal Medicaid program in Kansas. 10th Street Medical became a Medicaid provider by signing an agreement with the Kansas Secretary of Social and Rehabilitation Services in 1993. The company sold, re-

paired, and maintained durable medical equipment to and for Medicaid recipients.

Then, over the years, between November 1997 and April 2000, the Department received 13 complaints about 10th Street Medical. From these complaints, the Department concluded the company had not complied with the 1993 Provider Agreement and the Department's administrative regulations. Following up on this decision, the Department notified 10th Street Medical that it intended to terminate their agreement on May 29, 2000. But first, the Department, on May 9, 2000, mailed letters to all of 10th Street Medical's Medicaid customers telling them to choose another provider.

10th Street Medical administratively appealed this decision using the Kansas Administrative Procedure Act, K.S.A. 77-501 *et seq.*, and the administrative regulation found at K.A.R. 30-7-68. Ultimately, in November 2000, the presiding officer ruled in favor of 10th Street Medical and reversed the contract termination. Accordingly, the Department reinstated 10th Street Medical as a Medicaid provider retroactive to May 29, 2000, pending the outcome of the Department's appeal to the State Appeals Committee. That appeals committee affirmed the presiding officer's decision to reverse the contract termination and entered a final order on the matter in April 2001. But having won the battle over the contract, 10th Street Medical lost the war and had to file for bankruptcy protection.

*This lawsuit is filed in Shawnee County District Court.*

On May 23, 2005, 10th Street Medical filed a petition against the State and the Secretary of Social and Rehabilitation Services. The first petition was, by agreement, dismissed and refiled. Later, in January 2006, 10th Street Medical amended its petition. 10th Street Medical seeks damages in excess of $75,000 for the termination of its Medicaid provider status. The company presented three theories: (1) breach of contract, (2) promissory estoppel, and (3) negligence.

In granting summary judgment to the defendants, the district court made three rulings. First, the district court found that it lacked subject matter jurisdiction to consider 10th Street Medical's

breach of contract claim because the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq*. provided the exclusive means to litigate such a claim. Second, the district court held that promissory estoppel did not apply as a matter of law since the 1993 Medicaid Provider Agreement, which governed the relationship between 10th Street Medical and the Department, was properly enforced in the underlying administrative action. Finally, the district court decided that when 10th Street Medical failed to show the Department owed the company any duty independent of the contractual obligations found in the provider agreement, the company had no negligence claim.

*We examine the contract claim.*

On appeal, 10th Street Medical challenges the district court's decision to grant summary judgment on its breach of contract claim. To review this claim of error, we apply the following standard of review:

" ' " " 'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences, which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' " ' [Citations omitted.]" *Korytkowski v. City of Ottawa*, 283 Kan. 122, 128, 152 P.3d 53 (2007).

We offer a review of three appellate cases that are helpful in deciding this issue, *Jones v. State*, 279 Kan. 364, 109 P.3d 1166 (2005), *Americare Properties, Inc. v. S.R.S.*, 241 Kan. 607, 738 P.2d 450, *cert. denied* 484 U.S. 964 (1987), and *Lindenman v. Umscheid*, 255 Kan. 610, 875 P.2d 964 (1994). These three cases lead us to agree with the district court. A breach of contract claim against the State of Kansas, or one of its agencies, must be brought in a Kansas Act for Judicial Review and Civil Enforcement of Agency Actions

proceeding if the action being challenged meets the statutory definition of "agency action" and the Act does not specifically exempt that agency from its authority. See K.S.A. 2008 Supp. 77-603(a); K.S.A. 77-606.

In *Jones*, the Supreme Court held that the Act was the plaintiff's exclusive avenue into court for a breach of contract claim against the State when it concerned the Department of Social and Rehabilitation Service's failure to perform an "agency action" as defined in K.S.A. 77-602(b)(3). In *Jones*, because the plaintiff's foster parents' son had sexually assaulted the plaintiff, the foster parents assigned to plaintiff any breach of oral contract action they would have for the Department's failure to provide them with liability insurance coverage in the amount of $100,000. We do note that the plaintiff in *Jones* brought a declaratory judgment action against the Department, the State, and Empire Insurance Company *before exhausting her administrative remedies*, which differs from this case. Nevertheless, similar to this case, the plaintiff's breach of contract claim against the State centered on the Department's failure to perform its contractual duty of providing insurance coverage to plaintiff's foster parents, which *Jones* found qualified as an agency action under the Act. 279 Kan. at 367-68.

Using the analysis set forth in *Jones*, we find that 10th Street Medical's breach of contract claim concerns an agency action as defined by K.S.A. 77-602(b)(3). That statute defines an "agency action" as "an agency's performance of, or failure to perform, any other duty, function or activity, discretionary or otherwise." Here, the duty 10th Street Medical is challenging arises from the termination provision in the 1993 Provider Agreement, which gives the Department the discretion to terminate its Medicaid provider status for noncompliance with the provider agreement or K.A.R. 30-5-60. It follows then that 10th Street Medical's breach of contract claim centers on their belief that the Department failed to exercise its discretion in a proper manner when it decided to terminate the agreement based on the 13 complaints. Thus, under K.S.A. 77-602(b)(3), this discretionary action qualifies as an agency action.

Furthermore, we must point out that the Act does not exclude the Department from its ambit. K.S.A. 77-606 states the Act "establishes the exclusive means of judicial review of agency action" unless specifically exempted by K.S.A. 2008 Supp. 77-603(a). In turn, K.S.A. 2008 Supp. 77-603(a) states the Act "applies to all agencies and all proceedings for judicial review and civil enforcement of agency actions *not specifically exempted by statute from the provisions of this act.*" (Emphasis added.) See also *Heiland v. Dunnick,* 270 Kan. 663, 668, 19 P.3d 103 (2001) (" 'The KJRA [Act] is the exclusive remedy for all requested relief which an agency can grant under its authority. Only actionable claims which fall outside the authority of an agency to grant can support a separate action by an aggrieved party.' "). Then, in K.S.A. 2008 Supp. 77-603(c) the law sets forth the specific exemptions, and as noted in *Jones,* the Department of Social and Rehabilitation Services has not been specifically exempted. 279 Kan. at 368.

Because of its successful administrative appeal in this case, 10th Street Medical asserts the Act only provided a remedy of reinstatement. In the company's view, once it suffered consequential and compensatory damages, 10th Street Medical argues that it properly sought that relief from the district court in its in its current civil action.

The Supreme Court in *Jones* rejected a similar argument when the plaintiff alleged that the Act did not apply because it could not grant her with the remedy of retroactive insurance coverage. In reviewing the plaintiff's argument, the Supreme Court stated that the plaintiff's characterization of her remedy was incorrect. The *Jones* court discerned that the plaintiff was not seeking retroactive insurance coverage but, instead, was seeking payment of $100,000. In seeking monetary damages, the Supreme Court ruled that the Act became the plaintiff's exclusive avenue into court for a breach of contract action against a state agency. 279 Kan. at 367.

The same reasoning applies here. 10th Street Medical is seeking monetary damages in excess of $75,000 for the Department's actions in terminating its Medicaid provider status without properly investigating the 13 complaints that had been presented to the investigating team. Contrary to 10th Street Medical's argument,

the Act allows a court to award damages or compensation to redress the effects of an official action wrongfully taken or withheld. See K.S.A. 77-622(a) ("The court may award damages or compensation only to the extent expressly authorized by another provision of law."); K.S.A. 77-622(c) ("The court may also grant necessary ancillary relief to redress the effects of official action wrongfully taken or withheld."). As a result, because the Act gives the district court the authority to provide 10th Street Medical with monetary damages to redress the effects of a wrongful termination of the 1993 Provider Agreement, 10th Street Medical's failure to request such relief during its previous proceedings precludes it from now seeking the same relief.

The holding in *Americare Properties* bolsters our conclusion that 10th Street Medical's remedy falls solely within the purview of the Act. In *Americare,* a Medicaid provider was successful in using the procedural provisions of the Act to enforce its provider agreements against the Department of Social and Rehabilitation Services. In that case, the Department and two adult care facilities had provider agreements, which automatically transferred when these facilities were bought by the plaintiff. After the date of transfer and before the date new licenses were issued, the Department believed their provider agreements immediately became void and, thus, refused the plaintiff's request for payment for services rendered during this time frame. To recover the disputed reimbursement from the Department's wrongful termination of the provider agreements, the plaintiff followed the administrative appeals process before filing its appeal to the Shawnee County District Court. The district court reversed the agency decision and found for the plaintiff against the Department in the amount of $106,928.29, plus interests and costs, which the Supreme Court affirmed. 241 Kan. at 612.

Finally, we decline 10th Street Medical's invitation to follow the ruling in *Lindenman,* 255 Kan. 610, instead of *Jones* and *Americare Properties*. In *Lindenman,* the Supreme Court held that "the KJRA [Act] does not apply to civil tort actions against an administrative agency." 255 Kan. at 619-20. In *Lindeman,* the plaintiffs prevailed at the administrative level, forcing the Kansas Department of Health and Environment to lift its suspension of the license for

one of their daycare centers. The plaintiffs then filed a tort action against the agency alleging a violation of their civil rights, malicious prosecution, and abuse of process. Applying the same analysis as that used in *Jones*, the Supreme Court held that "[t]he wrongful acts alleged by the plaintiffs are not licensing and inspection duties of [the state agency]; they are claims for damages for wrongful acts committed by the agency." *Lindenman*, 255 Kan. at 619. Therefore, the Supreme Court found the Act inapplicable to civil tort actions against an administrative agency. 255 Kan. at 619-20.

This case is distinguishable from *Lindenman*. The 1993 Provider Agreement established the duties between the parties. Under the termination provision of that agreement, 10th Street Medical's breach of contract claim challenges the Department's failure to perform its contractual duty. Unlike the tort claims in *Lindenman*, the contractual duty here is essentially regulatory in nature and based on an agency action. Therefore, 10th Street Medical's requested relief from its breach of contract claim falls within the exclusive authority of the Kansas Judicial Review Act.

*We hold promissory estoppel inapplicable here.*

Where a breach of contract theory does not permit recovery, Kansas has traditionally allowed a remedy under the theory of promissory estoppel. *Bittel v. Farm Credit Svcs. of Central Kansas, P.C.A.*, 265 Kan. 651, 660, 962 P.2d 491 (1998). 10th Street Medical pursues this theory in this appeal. The company relies on the allegation that it believed the Department would conduct a careful and deliberate investigation of any complaints before terminating the provider agreement.

But mere belief does not invoke promissory estoppel. To be successful, a plaintiff must establish evidence showing (1) the promisor reasonably intended or expected the promisee to act in reliance on the promise; (2) the promisee acted reasonably in reliance on that promise; and (3) a refusal of the court to enforce the promise would sanction the perpetration of fraud or result in other injustice. See *Ayalla v. Southridge Presbyterian Church*, 37 Kan. App. 2d 312, 321, 152 P.3d 670 (2007).

If 10th Street Medical had facts to support this theory of promissory estoppel, the company had an obligation to come forward with facts to support its theory because this is a summary judgment question. See *Bacon v. Mercy Hospital of Fort Scott*, 243 Kan 303, Syl. ¶ 1, 756 P.2d 416 (1988). Here, 10th Street Medical has failed to establish any evidence to support the theory of promissory estoppel.

Three points need to be made. First, neither party disputes the validity or enforceability of the 1993 Provider Agreement. Second, 10th Street Medical does not present evidence outside the terms of the 1993 Provider Agreement that the Department made a promise to conduct its investigations in a reasonable manner before it exercised its discretion to terminate the agreement. Third, 10th Street Medical admits that its promissory estoppel claim is "primarily a contractual dispute that goes to the performance of the parties *as parties to the contract.*" Under these circumstances, promissory estoppel is inapplicable. Thus, the district court was correct in granting summary judgment in favor of the Department on this claim.

## *We find only contractual duties here.*

The district court ruled 10th Street Medical cannot pursue a tort remedy. We agree. In our view, 10th Street Medical's negligence claim is based upon the same factual allegations supporting its breach of contract claim. In both claims, 10th Street Medical is challenging the Department's performance of a duty arising from the termination provision of 1993 Provider Agreement, in other words, its failure to properly investigate the complaints. The termination provision provides:

"15. Termination

"This provider agrees that SRS Division of Medical Services [the Department] may terminate a provider's participation in the Program for noncompliance with one or more terms of this provider agreement and/or Kansas Administrative Regulation 30-5-60."

A plaintiff may not frame a contract action as a tort action or a tort action as a contract action merely to avoid the legal limitation of one particular cause of action. See *Malone v. University of Kan-*

*sas Medical Center*, 220 Kan. 371, 376, 552 P.2d 885 (1976); *Jeanes v. Bank of America, N.A.*, 40 Kan. App. 2d 281, 286, 191 P.3d 325 (2008), *rev. granted on other grounds* April 8, 2009. Traditionally, Kansas courts have distinguished between an action brought in contract and one in tort based upon the nature of the duty sought to be enforced. A breach of a duty arising from the specific terms of a negotiated agreement supports an action under the terms of the agreement as an action in contract. In contrast, where law imposes a duty, an action for a breach of such duty is properly brought in tort. *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 110, 114, 936 P.2d 714 (1997).

Here, 10th Street Medical has failed to show the Department's alleged violation of the contract was also a duty imposed by law. Thus, the district court properly granted summary judgment in favor of the Defendants on 10th Street Medical's negligence claim. Since the Department's alleged violation supported only an action brought in contract, the district court correctly reasoned that the Department did not owe 10th Street Medical a duty independent of the 1993 Provider Agreement.

Affirmed.