DANIEL M. BLOMGREN, *Appellant,* and JILL M. BLOMGREN, *Plaintiff/Cross-appellee,* v. KANSAS DEPARTMENT OF REVENUE, *Appellee/Cross-appellant.*

Opinion filed August 29, 2008.

*Daniel D. Owen* and *Anthony Bonuchi*, of Shughart, Thomson, & Kilroy, PC, of Kansas City, Missouri, for appellant and cross-appellee.

*Sarah Byrne*, assistant attorney general, for appellee/cross-appellant.

Before RULON, C.J., GREENE, J., and KNUDSON, S.J.

GREENE, J.: Daniel M. Blomgren appeals the district court's decision affirming the revocation of his liquor license by the Kansas Department of Revenue (Department). The Department cross-appeals the district court's decision reversing the revocation of Jill M. Blomgren's liquor license. Concluding the Blomgrens failed to exhaust their administrative remedies, neither the district court nor this court may invoke jurisdiction, and we must dismiss the appeal and the cross-appeal.

*Factual and Procedural Background*

In early 1990, Daniel opened and licensed Parkway Liquor in Lawrence. He was married to Jill in 1995, and in 1997 Jill opened and licensed Cork & Barrel Superstore in Lawrence. In 2001, Daniel was interested in opening a second Cork & Barrel location, but knowing he was limited to only one retail liquor license, he arranged a sale of his Parkway Liquor store (Parkway) to Kerry Zimmerman. The terms of sale included Daniel's retention of a security interest in the inventory of Parkway as collateral for a promissory note from Zimmerman. The details of the sale were fully disclosed to the Alcoholic Beverage Control Division of the Department (ABC), who then licensed Zimmerman. The parties dispute whether the entire transaction was a sham, but Zimmerman believed he was the owner of Parkway "on paper" only and had taken ownership of the store only to satisfy state licensing requirements.

Following the Parkway transaction, Daniel transferred his liquor license to his new Cork & Barrel store. When he renewed this license for 2002, he certified on the renewal application that he had no ownership interest in any other establishment licensed to sell liquor. A subsequent routine compliance audit of Parkway caused ABC to launch an investigation of the Zimmerman transaction, and the investigation revealed numerous questionable as-

pects of the transaction. Based on the results of the investigation, ABC began administrative proceedings against Daniel.

An administrative hearing was held before an ABC hearing officer in June 2004, which resulted in a conclusion that Daniel owned a beneficial interest in the Parkway store when he certified that he had no such interest. The hearing officer issued an order revoking Daniel's license and imposing a fine of $1,000. This order was then appealed to the Director, who affirmed the hearing officer based on a finding in part that there had been shown "clear subterfuge" by Blomgren.

The Director's "Final Order" was appealed to the Secretary of the Department pursuant to K.S.A. 41-321, but that appeal was then withdrawn and dismissed. Instead, Blomgren filed a petition for judicial review of the Director's "Final Order" in district court. The Department moved to dismiss for failure to exhaust administrative remedies, but the court held that the appeal to the Secretary was discretionary and not required by K.S.A. 77-613 to exhaust administrative remedies. Ultimately, the court affirmed the Director's revocation of Daniel's license, concluding in part that Daniel's license renewal had been procured through false and fraudulent statements.

Meanwhile, ABC also launched an investigation of Jill, which resulted in charging her with 15 counts of operating a catering business out of her liquor store, 29 counts of selling alcohol on credit, 17 counts of providing goods or services other than alcoholic liquor, and 40 counts of delivering alcohol to unlicensed premises and allowing another business to be operated from her retail liquor store premises. The proposed penalty was license revocation and a fine of $105,000.

The hearing officer held a hearing and found that Jill had secured advantages by playing by a different set of rules than local competitors and that she had a general disregard for the Liquor Control Act, K.S.A. 41-101 *et seq*. The officer concluded that Jill's license should be suspended and she should be fined $9,500. On an appeal to the Director, the orders of the hearing officer were affirmed, and Jill's actions to obtain relief on appeal, first to the Secretary and then to district court, paralleled those of Daniel. In

Jill's case, however, the district court reversed the revocation of Jill's license while affirming the imposition of the fine.

This brings us to the appeal by Daniel, challenging the court's revocation of his license, and the cross-appeal by the Department, challenging the court's reinstatement of Jill's license.

*Standard of Review*

Judicial review of agency actions is governed by K.S.A. 77-601 *et seq.*, and the standards of review are specified by statute at K.S.A. 77-621(c). When the district court has provided a first level review, we determine whether that court followed the proper requirements and restrictions in its review, and then we review pursuant to those same standards. *Jones v. Kansas State University*, 279 Kan. 128, 139, 106 P.3d 10 (2005). Where such an appeal frames questions of statutory interpretation or application, we give some degree of deference to an agency's interpretation, but an agency's interpretation of a statute is not binding, and the final construction of a statute lies with the appellate courts. If the reviewing court finds that the administrative body's interpretation is erroneous as a matter of law, the court must take corrective steps. *Bluestem Telephone Co. v. Kansas Corporation Comm'n*, 33 Kan. App. 2d 817, 823, 109 P.3d 194 (2005).

Whether a party is required to or has failed to exhaust administrative remedies is a question of law over which we have unlimited review. *Miller v. Kansas Dept. of S.R.S.*, 275 Kan. 349, 353, 64 P.3d 395 (2003).

*Did the Blomgrens Exhaust Their Administrative Remedies?*

As a general rule, administrative remedies must be exhausted before judicial review is permissible. *Sandlin v. Roche Laboratories, Inc.*, 268 Kan. 79, 85-86, 991 P.2d 883 (1999). In order to make a determination whether such remedies were exhausted here, we must review the procedural aspects of the Liquor Control Act (K.S.A. 41-101 *et seq.*), the Kansas Administrative Procedure Act (KAPA) (K.S.A. 77-501 *et seq.*), and the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA) (K.S.A. 77-601 *et seq.*).

When a citation is issued for violation of the Liquor Control Act, the citation must be delivered to the person committing the alleged violation, and a copy of the citation must be mailed to the licensee. K.S.A. 41-106. All proceedings involving the revocation of a retail liquor license shall be before the Director, and the proceedings shall be in accordance with the provisions of the KAPA. No license shall be revoked except after a hearing by the Director. K.S.A. 41-320. When the Director revokes a license, the Director must prepare an order, which shall be signed by the Director or by someone designated by the Director and which shall have the seal of the Director affixed. K.S.A. 41-321. Under K.A.R. 14-16-16, the Director can designate someone else to preside over a revocation hearing.

K.S.A. 41-321 provides that any "licensee aggrieved by any order of the director may appeal from such order to the secretary by filing a notice of appeal *with the secretary*." (Emphasis added.) Under the Liquor Control Act, "secretary" refers to the Secretary of Revenue. K.S.A. 41-102(y). The notice of appeal must be filed within 15 days after service of the order from which the person is appealing. K.S.A. 41-321. Furthermore, K.A.R. 14-16-24 states that any "licensee who desires to appeal from the order of the director *shall* file with the secretary a notice of appeal." (Emphasis added.) A hearing shall be conducted by the Secretary, or the Secretary's designee, in accordance with the provisions of the KAPA within 30 days of the filing of the notice of appeal. K.S.A. 41-321. The Secretary can adopt rules and regulations necessary to govern the procedure at the hearings. K.S.A. 41-321. Any action of the Secretary is subject to review in accordance with the KJRA. K.S.A. 41-323.

The KJRA provides that a person is entitled to file a petition for judicial review of any "final agency action" as long as that person meets the requirements under the KJRA for standing, exhaustion of administrative remedies, and time limitations for filing a petition. K.S.A. 77-607(a). A final agency action is any action that is not a nonfinal agency action. A nonfinal agency action is "the whole or part of an agency determination, investigation, proceeding, hearing, conference or other process that the agency intends or is rea-

sonably believed to intend to be preliminary, preparatory, procedural or intermediate with regard to subsequent agency action of that agency or another agency." K.S.A. 77-607(b). A final agency action should not be confused with a final order.

K.S.A. 77-613(c) requires that a petition for judicial review of a "final order" shall be filed within 30 days. The 30-day requirement for filing a petition for judicial review of a final order is also mandated by K.S.A. 77-613(b), where no reconsideration has been requested and is not required.

Finally, K.S.A. 77-612 is specific regarding the need for exhaustion of administrative remedies:

"A person may file a petition for judicial review under this act *only after* exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review . . . ." (Emphasis added.)

In the absence of such exhaustion, both the district court and this court are without jurisdiction and the appeal is subject to dismissal. See *Jones v. State*, 279 Kan. 364, 109 P.3d 1166 (2004).

The Blomgrens argue that the agency provoked their premature appeal by entitling the Director's decision as a "Final Order." We concede the better practice would dictate that an administrative order subject to further administrative review should not be so denominated. Nevertheless, the order was "final" insofar as the Alcoholic Beverage Division was concerned, but merely calling that order "final" does not make it subject to judicial review where further administrative review is provided by statute, regulation, and the specific direction within the order itself. K.S.A. 77-526 provides no specific criteria to distinguish an initial order from a final order other than an implied need for the agency head or designee to "render a final order." See K.S.A. 77-526(a). "Agency head" is broadly defined, however, and this ambiguity has played a role here in creating some degree of inconsistency between the need to appeal a final order under K.S.A. 77-613(c) and the need to exhaust the administrative review by the Secretary.

We disagree with the district court, which held this final step in the administrative appeal process was "discretionary" due to the

statutory language that a licensee *"may* appeal" under this statute; this language merely contemplates that a licensee may be satisfied with the decision of the Director and may choose to make no further challenge to that decision. Moreover, the language of the regulation is mandatory in stating that a "licensee who desires to appeal from the order of the director *shall* file with the secretary a notice of appeal." (Emphasis added.) K.A.R. 14-16-24.

The Blomgrens apparently recognized that the order may not be "final" because they filed an appeal to the Secretary. In so doing, their remedy for any inconsistency as to appeal procedure was clearly provided by the KJRA itself. K.S.A. 77-613(d)(1) states:

> "(d) A petition for judicial review of agency action other than a rule and regulation or final order shall be filed within 30 days after the agency action, but the time is extended:
>
> (1) During the pendency of the petitioner's timely attempts to exhaust administrative remedies."

Moreover, we do not understand why the Blomgrens did not ask the district court to stay their appeal pending the exhaustion of their appeal to the Secretary. Obviously, the district court has broad authority to resolve such an issue upon the request of a party. See K.S.A. 77-622(b) and (c).

In any event, we conclude that the inconsistency between the statutory procedures is resolved by our Supreme Court's holding in *United Steelworkers of America v. Kansas Comm'n on Civil Rights*, 253 Kan. 327, 333, 855 P.2d 905 (1993). There the court concluded there was "ambiguity and conflict" between the specific procedural directives for administrative review within the agency and some of the general procedural directives within the KJRA. The court was faced with enforcing either one or the other, and "in resolving the ambiguity and conflict" it concluded the agency specific directive and the need to exhaust administrative remedies "must control."

The Blomgrens argue the notice of appeal rights listed in the Director's final order provides that the decision was to be appealed under the KJRA. We disagree. The notice in the Director's order did not state that the Blomgrens' next step was to file a petition for judicial review under the KJRA. The order noted that K.S.A.

77-529 allows a party to file a petition for reconsideration of a final order with the agency head and also noted that a motion for reconsideration is not a prerequisite for seeking *administrative* or judicial review. This does not provide that the Blomgrens were entitled to petition for judicial review from the Director's decision, but served only to inform the Blomgrens that they did not have to file a petition for reconsideration before taking the next step in their administrative review. The order then properly informed the Blomgrens what that next step was, *which was to file an appeal with the Secretary pursuant to K.S.A. 41-321 and K.A.R. 14-16-24*. Finally, the order specifically stated that the decision of the Secretary could be reviewed by filing a petition for judicial review in accordance with K.S.A. 41-323.

The Blomgrens also argue the Director's order was a final agency action because the notice of appeal rights listed the Director as the officer to receive service on behalf of the agency. Again, we disagree. The Director's order in this case stated that the agency officer to receive service of any petition for review or reconsideration was Thomas W. Groneman, the Director of ABC. However, the notice did not state that the Director was to receive service of any petition for *judicial* review. The statement that the Director was to receive service of any petition for review or reconsideration alone did not turn the "Final Order" into a final agency action subject to judicial review, *especially considering that the order expressly states it may be appealed to the Secretary and the decision of the Secretary may be reviewed by filing a petition for judicial review.*

The specific provisions for an appeal from the Director's decision to the Secretary found in K.S.A. 41-321 and K.A.R. 14-16-24 control here. An appeal to the Secretary was essential to the exhaustion of available remedies under the Liquor Control Act. When the Blomgrens withdrew their appeal to the Secretary, their failure to exhaust this administrative remedy bars judicial review. K.S.A. 77-612. Neither the district court nor this court may invoke its jurisdiction where there has been no exhaustion of administrative remedies, so we are compelled to dismiss this appeal and the cross-appeal.

Dismissed.