NOT DESIGNATED FOR PUBLICATION

No. 123,827

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Licensure of
SHELLY ANN VANDEVORD DAY CARE HOME.

MEMORANDUM OPINION

Appeal from Johnson District Court; DAVID W. HAUBER, judge. Opinion filed May 27, 2022. Appeal dismissed.

*Amory K. Lovin*, of Office of Legal Services, Kansas Department of Health and Environment, for appellant Kansas Department of Health and Environment.

*Sean P. Edwards*, of Sanders Warren Russell & Scheer LLP, of Overland Park, for appellee Shelly Ann Vandevord Day Care Home.

Before MALONE, P.J., SCHROEDER and HURST, JJ.

PER CURIAM: One of our first tasks in an appeal is to determine if we have jurisdiction. Our jurisdiction is limited to final decisions of the district court. See K.S.A. 2020 Supp. 60-2102(a)(4). The Kansas Department of Health and Environment (KDHE) now appeals the district court's order remanding to KDHE for further findings and investigation regarding the revocation of Shelly Ann Vandevord's daycare license.

After KDHE submitted its brief, our motions panel issued a show-cause order questioning whether the district court's remand order was a final appealable order. Based on the parties' responses, we retained jurisdiction but ordered the parties to submit supplemental briefing on the jurisdictional issue, which the parties did. Upon review, we

1

find the district court's order of remand is not a final appealable order. Accordingly, we dismiss KDHE's appeal for lack of jurisdiction.

FACTS

Vandevord operates a licensed home day care facility in Olathe. Based on various violations observed during inspections of Vandevord's day care between March 2018 and March 2019, KDHE sent Vandevord a notice of intent to suspend her license on March 20, 2019. In response, Vandevord requested an administrative hearing before an administrative law judge (ALJ) in the Office of Administrative Hearings. KDHE subsequently conducted two follow-up inspections in April 2019, observing some of the earlier violations had not been corrected. In light of these violations, KDHE filed a motion with the ALJ in May 2019, requesting it be allowed to modify its intended order from suspension to revocation, which the ALJ allowed. KDHE admits no further inspection of the day care occurred after April 2019.

The ALJ conducted an administrative hearing in January 2020 and issued an order several months later affirming the revocation order. The ALJ made a number of findings of fact and conclusions of law, the bulk of which the parties take no issue with on appeal. Relevant to issues on judicial review, the ALJ found Vandevord's testimony that she had corrected any remaining violations by May 13, 2019, was "something this tribunal may not consider." The ALJ further found:

> "Anything that has occurred since the last survey was conducted on April 30, 2019 is irrelevant to these proceedings as that was not part of the consideration by the Agency and is not subject to review. The Agency is simply required to prove by a preponderance of the evidence available at the time of the action that the action was in compliance [with] the statutes, regulations and policies in force and effect at the time."

2

Vandevord filed a request for further administrative review with the Secretary of KDHE, which the Secretary denied in July 2020. Vandevord then timely petitioned for review in the district court pursuant to the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq. Specifically, Vandevord asserted KDHE "unreasonably, arbitrarily, and capriciously revoked . . . her daycare license." The district court held a hearing in December 2020. The district court found it was unreasonable as a matter of law for KDHE not to perform a follow-up inspection after April 2019 on the licensee, given the substantial delay in the proceedings while Vandevord's daycare remained open and operating. The district court also expressed some concerns over the ALJ's failure to consider whether Vandevord remedied the violations.

The district court summarized its overarching concern, stating: "My concern, very frankly, is we go from May of 2019 to [here] it is December of 2020 without a whisper of anybody checking on her." Accordingly, the district court found: "[T]he course of conduct to this point appears retroactively to be unreasonable. I'm not suggesting the revocation won't occur, but I don't think—the fact they've done nothing for quite some time tells me there's a serious problem with follow-up." The district court explained: "I'm simply remanding it to the agency. . . . I think the agency needs to do more fact-finding at this point in light of the considerable delay that's occurred." The district court also found there was "an insignificant record for the purposes of the time of the motion to revoke in the present day which has involved zero agency follow-up, period." In its written order, the district court remanded the matter to KDHE "for follow up and further inspection of [Vandevord's day care]," finding it was "unreasonable as a matter of law to not follow up on a licensee after the Notice of Intent to Revoke was issued in May of 2019 through [the December 7, 2020] hearing."

In response to our show-cause order, the parties promptly submitted supplemental briefing on the jurisdictional issue—whether the district court's order of remand is a final

3

appealable order under K.S.A. 2020 Supp. 60-2102(a)(4) and K.S.A. 77-623. Additional facts are set forth as necessary.

ANALYSIS

*Standard of Review*

Under K.S.A. 77-623, "[d]ecisions on petitions for judicial review of agency action are reviewable by the appellate courts as in other civil cases." We exercise the same statutorily limited review of an agency's action as does the district court, "'as though the appeal had been made directly to this court.'" *Kansas Dept. of Revenue v. Powell*, 290 Kan. 564, 567, 232 P.3d 856 (2010). District courts have limited power of review under the KJRA and may only grant relief based on the enumerated circumstances in K.S.A. 77-621(c). *Sheldon v. KPERS*, 40 Kan. App. 2d 75, 79, 189 P.3d 554 (2008) (citing *Jones v. Kansas State University*, 279 Kan. 128, 139, 106 P.3d 10 [2005]). However, we need not delve extensively into the analytical framework of the KJRA. Here, the threshold question—whether we have jurisdiction over KDHE's appeal—is ultimately dispositive to our decision.

*We do not have jurisdiction over KDHE's appeal.*

Under K.S.A. 2020 Supp. 60-2102(a)(4), a party may appeal a "final decision" in any action as a matter of right. The jurisdictional question before us is whether the district court's order of remand is a final appealable decision. "If not, the appeal is interlocutory and must be dismissed." *Nickels v. Board of Education of U.S.D. No. 453*, 38 Kan. App. 2d 929, 931, 173 P.3d 1176 (2008). Whether jurisdiction exists is a question of law over which our scope of review is unlimited. See *Via Christi Hospital Wichita v. Kan-Pak*, 310 Kan. 883, 889, 451 P.3d 459 (2019). We have a duty to consider whether we have

4

jurisdiction. *Wiechman v. Huddleston*, 304 Kan. 80, 84, 370 P.3d 1194 (2016). We start by looking at the district court's order for remand.

To begin with, the district court's order for remand lacks clarity. The written order stated it was remanding the matter to KDHE "for follow up and further inspection of [Vandevord's day care]." This seemingly contemplates a scope of remand potentially related to matters before and after the final agency action, which is further complicated by the somewhat imprecise statutory definitions of "final agency action" and "nonfinal agency action" under the KJRA. See K.S.A. 77-607(b)(1) ("'Final agency action' means the whole or a part of any agency action other than nonfinal agency action."); K.S.A. 77-607(b)(2) ("'Nonfinal agency action' means the whole or a part of an agency determination, investigation, proceeding, hearing, conference or other process that the agency intends or is reasonably believed to intend to be preliminary, preparatory, procedural or intermediate with regard to subsequent agency action of that agency or another agency."). And Kansas appellate courts often have been unable to provide a clearer distinction between final agency orders and final agency actions. See *Blomgren v. Kansas Dept. of Revenue*, 40 Kan. App. 2d 208, 213, 191 P.3d 320 (2008) ("A final agency action should not be confused with a final order.").

Fortunately, for purposes of this appeal, KDHE concedes "[t]he final agency action was when the Secretary of KDHE denied Ms. Vandevord's Petition for Administrative Review." This seems to be a correct interpretation, generally, because the Secretary could have granted relief through further hearing or investigation. See K.S.A. 77-527(d)-(f). Here, the final agency action did not occur until the Secretary denied Vandevord's petition for further administrative review on July 22, 2020. The ALJ stated he could not consider anything Vandevord did to correct the violations and come into compliance after April 2019. At the administrative hearing, Vandevord testified she resolved all the violations by May 13, 2019, which she also asserted in her response to KDHE's motion to amend, filed on May 17, 2019. KDHE moved to amend its prior

5

notice of intent to suspend to revocation on May 6, 2019, but the ALJ did not grant the motion until May 31, 2019, following a prehearing conference on May 23, 2019. In other words, there was potentially a legitimate factual question or dispute regarding arguably relevant evidence bearing on the ALJ's order granting the motion to amend. And KDHE had notice of Vandevord's assertion the violations were remedied prior to the May 23, 2019 prehearing conference addressing the merits of its motion to amend.

Clarification of KDHE's reasons, if any, for not conducting additional follow-up while its motion to amend was pending appears generally relevant to the district court's consideration of whether KDHE's revocation action was "supported to the appropriate standard of proof by evidence that is substantial when viewed in light of the record as a whole." K.S.A. 77-621(c)(7). Because the ALJ expressly declined to consider whether Vandevord subsequently remedied any violations, there has been no factual finding on the credibility of her assertions. Therefore, the agency action appears improper—revoking instead of suspending—to the extent it may have been premised on "an unreasonable and arbitrary disregard of relevant evidence." *Hudson v. Kansas Public Employees Retirement Bd.*, 53 Kan. App. 2d 309, 321, 388 P.3d 597 (2016).

KDHE's final action was predicated on (1) the ALJ allowing KDHE to amend its notice of intent to pursue revocation and (2) the ALJ upholding the initial revocation order. Thus, KDHE could not have proceeded to the final agency action without the ALJ granting the motion to amend. In other words, if KDHE's failure to investigate relevant evidence between May 6, 2019, and May 23, 2019, did or could have undermined this threshold decision, it seemingly taints the validity of any subsequent agency action in reliance thereon. And any additional agency investigation prior to the Secretary's denial of further review may have been relevant to the Secretary's exercise of his discretion.

In the broader context of the district court's on-record explanation for its decision, it expressed concerns with the lack of follow-up inspection during the pendency of the

6

agency action and the administrative proceedings from May 2019 to July 2020. To the extent the district court intended to remand "to [KDHE] for follow up" regarding the lack of information explaining its actions or inaction prior to July 22, 2020, this action appears proper under K.S.A. 77-619(a)(2) and (b).

We acknowledge the district court indicated some concerns that seem to intermingle the lack of follow-up during both administrative and judicial proceedings. However, we are unpersuaded this makes the order for remand a final appealable order. We also note the parties largely failed to get clarification of the exact nature of the district court's ruling. The district court told Vandevord's counsel:

"[Y]ou're not off the hook. I'm just telling you I'm remanding it to the agency because I strongly believe that the course of conduct to this point appears retroactively to be unreasonable. I'm not suggesting the revocation won't occur, but I don't think—the fact that they've done nothing for quite some time tells me that there's a serious problem with follow-up."

KDHE's attorney then asked, "[W]ould this be a final order from you?" The district court responded, "I'm simply remanding it to the agency." The district court further explained, "I think the agency needs to do more fact-finding at this point in light of the considerable delay that's occurred." These statements seem to generally indicate the district court wanted more agency fact-finding before ruling on the merits. Contrary to KDHE's arguments, the district court's order is not clear enough to conclude it was only remanding for inspection of the current conditions of the daycare, as opposed to "further follow up" also including an explanation of KDHE's rationale and decision-making while the administrative action was pending.

Thus, we cannot intelligently separate the district court's concerns about a lack of follow-up during administrative proceedings from the lack of follow-up during judicial proceedings. We also find any ambiguity in the district court's order should be charged to

7

KDHE because (1) KDHE did not object to a lack of findings or sufficiently request additional findings or clarification from the district court and (2) KDHE's attorney drafted the order being appealed. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013) (burden is on party making claim "'to designate a record sufficient to present its points to the appellate court and to establish its claims'"); *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 361, 277 P.3d 1062 (2012) (when no objection is made to district court's findings of fact or conclusions of law on basis of inadequacy, appellate court will presume district court found all facts necessary to support its judgment); *Lyndon State Bank v. Price*, 33 Kan. App. 2d 629, 631-32, 106 P.3d 511 (2005) (when district court assigns responsibility of drafting an order or journal entry to party, order must conform to district court's ruling; if nondrafting party does not object, the drafting party submits proposed order to district court for signature and filing).

Here, the district court assigned the task of drafting the order for remand to Vandevord's counsel. However, for reasons that are unclear from the record, KDHE's counsel ultimately prepared the order for remand. KDHE was the party aggrieved by the district court's order; thus, it could not have reasonably expected Vandevord to object to the proposed order. As the aggrieved party, KDHE needed to designate a sufficient record to establish its claims of error on appeal. See *Friedman*, 296 Kan. at 644. "[A] district court's journal entry of judgment in a civil case controls over its prior oral statements from the bench." *Uhlmann v. Richardson*, 48 Kan. App. 2d 1, 10, 287 P.3d 287 (2012). To the extent the district court's on-record explanation was unclear, KDHE should have objected or requested additional findings before drafting the proposed order so a clearer ruling could be memorialized in the written order, which KDHE is now appealing. See *Friedman*, 296 Kan. at 644; *O'Brien*, 294 Kan. at 361; *Lyndon State Bank*, 33 Kan. App. 2d at 631-32.

It is well-established "absent exceptional circumstances, a district court order remanding a proceeding to [an agency] for further findings is not a final decision appealable as of right under K.S.A. 60-2102(a)(4)." *Holton Transport, Inc. v. Kansas Corporation Comm'n*, 10 Kan. App. 2d 12, 13, 690 P.2d 399 (1984). In *NEA-Topeka v. U.S.D. No. 501*, 260 Kan. 838, 843, 925 P.2d 835 (1996), our Supreme Court applied *Holton Transport, Inc.*, finding: "[I]f the trial court grants a motion to compel arbitration, then the parties must submit to arbitration and then challenge the arbitrator's decision before there is a final order which is appealable to an appellate court." Likewise, our Supreme Court noted an order granting a new trial is generally not a final or appealable order. *NEA-Topeka*, 260 Kan. at 843. These principles equally apply in the administrative context. See *Nickels*, 38 Kan. App. 2d at 932 ("We conclude that because the due process hearing ordered by the district court has not yet been conducted, the Board's appeal to this court is not a final, appealable order and the appeal must be dismissed as interlocutory.").

An order for new trial generally contemplates a significantly more burdensome procedure than conducting the type of follow-up and fact-finding directed by the district court in this case. Rather, the district court's remand order here seemingly poses no more—and perhaps much less—of a burden than an order compelling arbitration. We find the present remand order akin to the "order of remand for further findings of fact" in *Holton Transport, Inc.*, 10 Kan. App. 2d at 12, which was not a final appealable order.

KDHE unpersuasively argues there were exceptional circumstances, asserting the district court's order here was an appealable collateral order based on the analysis in *Skahan v. Powell*, 8 Kan. App. 2d 204, 205-07, 653 P.2d 1192 (1982). We find *Skahan* factually and procedurally distinguishable. There, the order being appealed was the disqualification of an out-of-state attorney for purposes of proceedings in the district court. The *Skahan* panel correctly recognized there was no available remedy after the fact, as it would "be effectively unreviewable on appeal from a final judgment," and

9

"[t]he order of disqualification . . . conclusively determines . . . whether plaintiff is to have counsel of his choice or be forced to retain another." 8 Kan. App. 2d at 206.

Here, unlike *Skahan*, even assuming the district court might improperly consider any evidence as a result of follow-up inspection, it can be remedied in a subsequent appeal. At this point, it is largely speculative whether, or to what extent, the district court might consider matters after the final agency action in reviewing the supplemented agency record pursuant to its order of remand. And depending on KDHE's follow-up findings and clarification of the agency record, including any evidence related to Vandevord's claims she remedied all violations prior to the ALJ allowing KDHE to amend to a notice of intent to revoke, the district court might still resolve the matter in KDHE's favor. Accordingly, we find it is premature for KDHE to seek relief on appeal for a nonfinal order.

Contrary to KDHE's arguments, the district court's order of remand was not a final decision because it was not "'one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or further action of the court.'" *Gulf Ins. Co. v. Bovee*, 217 Kan. 586, 587, 538 P.2d 724 (1975). Rather the district court left open the ultimate question of whether Vandevord's license would be revoked, stating, "I'm remanding it to the agency because I strongly believe that the course of conduct to this point appears retroactively to be unreasonable. I'm not suggesting that revocation won't occur." And to that end, we are unpersuaded by KDHE's argument the district court erroneously remanded for further agency proceedings. The district court clearly stated it was remanding the matter to the agency "to do more fact-finding at this point." This was the appropriate remedy for the district court's concerns because: (1) The district court sent the matter back to the agency—the body from which the decision appealed originated; and (2) the order for remand was for agency follow-up and fact-finding, not additional proceedings before the ALJ. See *Travelers Casualty*

10

*Insurance v. Karns*, 61 Kan. App. 2d 43, 57-58, 499 P.3d 491 (2021). Accordingly, we reject KDHE's argument it was entitled to appeal based on exceptional circumstances.

We are further unpersuaded by KDHE's argument the district court had to explicitly consider whether substantial competent evidence supported the agency decision before it could remand. This seems to defy the purpose of remand—developing a sufficient record to meaningfully review the proceedings before the agency. In other words, an order for remand is appropriate when gaps or ambiguities in the record or proceedings before the agency prevent the district court from determining if substantial competent evidence supports the agency's decision. See K.S.A. 77-619(b)(1) ("The court may remand a matter to the agency . . . with directions that the agency conduct fact-finding and other proceedings the court considers necessary . . . if: . . . [t]he agency was required to base its action exclusively on a record of a type reasonably suitable for judicial review, but the agency failed to prepare or preserve an adequate record."); *Travelers*, 61 Kan. App. 2d at 57 ("'[R]emand' is defined as '[t]he act or an instance of sending something [such as a case, claim, or person] back for further action.' Black's Law Dictionary 1547 [11th ed. 2019].").

Here, the district court implicitly found there was not substantial competent evidence when it held there was "an insignificant record" and "the agency needs to do more fact-finding at this point." But this is not the same as reversing on the merits because "the agency action [was] based on a determination of fact, made or implied by the agency, that is not supported . . . by evidence that is substantial when viewed in light of the record as a whole." See K.S.A. 77-621(c)(7). Rather, the district court's ruling suggests it found the record from the proceedings below as a whole too poorly developed to conclusively decide the point.

We find the order for remand by the district court is not a final appealable order deciding whether Vandevord's day care license should be revoked. KDHE has not

11

demonstrated exceptional circumstances to permit an interlocutory appeal of a nonfinal order. We dismiss the appeal for lack of jurisdiction. The parties must comply with the district court's order for remand.

Appeal dismissed.